Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
60 East 42nd Street – 40th Floor
New York, New York 10165
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Co-counsel for Plaintiffs*

Joseph Jeziorkowski, Esq. (JJ 9190)
VALIANT LAW
75 S. Broadway – Suite 400
White Plains, New York 10601
T. (914) 595-6702
F. (909) 677-2290
*Co-counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERTO CONTRERAS, CLIFFORD DUVIELA, and NORBERTO ALEX MARTE, on behalf of themselves, and other similarly situated employees,<br><br>       Plaintiffs,<br><br>- against -<br><br>CHARLES A WALBURG MULTI-SERVICE ORGANIZATION INC., dba CENTRAL HARLEM MEALS ON WHEELS, and CARLA D. BROWN, individually,<br><br>       Defendants. | Case No.:  22 cv 9971<br><br>**FLSA COLLECTIVE and RULE 22 CLASS ACTION COMPLAINT**<br><br>ECF Case<br><br>**Jury Trial Demand** |

Plaintiffs, Roberto Contreras, Clifford Duviela, and Norberto Alex Marte (collectively "Plaintiffs"), on behalf of themselves, and others similarly situated, by and through their undersigned attorneys, Cilenti & Cooper, PLLC and Valiant Law, file this Collective and Class Action Complaint against Defendants, Charles A Walburg Multi-Service Organization Inc., dba Central Harlem Meals on Wheels (hereinafter "Meals on Wheels"), and Carla D. Brown

individually (both defendants, collectively referred to herein as the "Defendants"), and state as follows:

## INTRODUCTION

1.      There are many great non-for-profit food delivery organizations throughout the State and City of New York.  Sadly, however, the above-named Defendants violated the law at the expense of their hard-working employees.  Defendant Carla D. Brown and her organization accepted monies to supposedly fund its charitable operations. However, while Defendants solicited and received money for meals delivered, their hard-working and dedicated employees -- who even delivered meals in rain, sleet and snow -- were deprived of hard-earned pay.  As set forth herein, Defendants knowingly and intentionally violated the law, while they deprived these hard-working individuals of proper wages and their livelihoods for years and years.

2.      Plaintiffs, on behalf of themselves and others similarly situated, allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid wages and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

3.      Plaintiffs, on behalf of themselves, and others similarly situated, further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages and overtime compensation; (2) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (3) pre-judgment and post-judgment interest; and, (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial District and Defendant Meals on Wheels resides in this District.

## THE PARTIES

6.      Plaintiff Roberto Contreras is an adult resident of New York County, in the State of New York.

7.      Plaintiff Clifford Duviela is an adult resident of Kings County, in the State of New York.

8.      Plaintiff Norberto Alex Marte is an adult resident of Berks County in the State of Pennsylvania.

9.      Upon information and belief, Defendant, Charles A Walburg Multi-Service Organization Inc., dba Central Harlem Meals on Wheels, was and is a domestic not-for-profit corporation, existing under the laws of the State of New York, with administrative offices and its principal place of business located at 163 West 125th Street, 13th Floor, New York, New York 10027.

10.     Defendant, Carla D. Brown, is the executive director of operations and managing agent of Charles A Walburg Multi-Service Organization Inc., dba Central Harlem Meals on Wheels, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of Charles A Walburg Multi-Service Organization Inc., dba Central

3

Harlem Meals on Wheels, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Charles A Walburg Multi-Service Organization Inc., dba Central Harlem Meals on Wheels.

11.     Plaintiff Roberto Contreras was employed by Meals on Wheels in New York County, New York as a loader, meal delivery person and driver between July 21, 2022 through September 26, 2022.

12.     Plaintiff Clifford Duviela was employed by Meals on Wheels in New York County, New York as meal delivery person, between July 13, 2022 through September 2, 2022.

13.     Plaintiff Norberto Alex Marte was employed by Meals on Wheels in New York County, New York as meal delivery person / driver, between August 16, 2022 through on or about November 11, 2022.

14.     During their employment, more than twenty-five percent of Plaintiffs' duties involved physical tasks, including, but not limited to, carrying, lifting, loading, transporting and physically moving packages, boxes, goods, food, meals and/or other items, walking up and down stairs and to and from the delivery vehicle, and regularly being on their feet.  At all relevant times, Meals on Wheels, has been and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

15.     The individual defendant Carla D. Brown exercised control over the terms and conditions of Plaintiffs' employment in that she had and has the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv)

4

supervise and control work of the employees, including Plaintiffs, and (v) otherwise affect the quality of the employees' employment.

16.     The individual defendant Carla D. Brown had the power to and in fact did supervise Plaintiffs, including setting their hours and pay.

17.     Upon information and belief, at all times relevant to the allegations in this Complaint, the corporate defendant, was, and continues to be, an "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

18.     During their employment with the Defendants, Plaintiffs worked in interstate commerce.

19.     During their employment with the Defendants, Plaintiffs delivered meals which had been purchased, prepared and/or packaged in states outside New York.

20.     Defendants operate a call center in which donations are accepted on a daily basis from persons located throughout the United States and internationally.

21.     Employees of Defendants were personally required to travel to New Jersey in connection with their duties and responsibilities to obtain meals for delivery in New York.

22.     Employees of Defendants were required to travel to outside the State of New York to fulfill their duties and responsibilities for Meals on Wheels.

23.     Employees of Defendants regularly accepted payments from Defendants' customers and/or clients when goods were delivered.

24.     Defendant Carla D. Brown regularly instructed employees that herself and Meals on Wheels "were paid" for each meal that was delivered.

25.     In connection with their employment, plaintiffs regularly transmitted material goods and information across state lines.

26.     In connection with their employment, Plaintiffs engaged in commerce and in the production of goods for commerce.

27.     At all times relevant to this litigation, Defendants were Plaintiffs' employer within the meaning of the FLSA and the New York Labor Law.

28.     At all relevant times the work performed by Plaintiffs was directly essential to the businesses operated by Meals on Wheels.

29.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned overtime wages, in contravention of the FLSA and New York Labor Law.

30.     Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

### a.     Plaintiff Roberto Contreras

31.     In or about July 2022, Plaintiff, Roberto Contreras, was hired by Defendant Meals on Wheels, to work as a truck loader and driver / food delivery person, for Defendants' not-for-profit organization which provides support and services to elderly and food insecure persons.

32.     Plaintiff does not supervise other employees, and has no role in hiring, or firing, promoting, or disciplining any staff.

33.     Plaintiff was required to work more than forty (40) hours per week, and his hourly rate of pay was twenty dollars ($20.00) per hour, for all hours worked.

34.     Plaintiff and others similarly situated, were "docked" one (1) hour per day, even though they did not take an hour break.

35.     Throughout Plaintiff's employment by Defendants, he was not paid for all hours worked, and often worked over forty (40) hours per week but did not receive overtime compensation.

36.     During Plaintiff's employment, he was paid by check and his wage statement did not specify the number of hours he worked on a weekly basis.

37.     Work performed above forty (40) hours per week was not paid at time and one-half the Plaintiff's regular rate as required by law.

38.     Defendants knowingly and willfully operated the business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff for work performed over forty (40) hours in a workweek.

39.     Plaintiff became concerned that Defendants were not paying its employees proper wages, shaving time and not paying at time and one-half the regular rate of pay for work performed above forty hours per week.  In September 2022 and October 2022, he repeatedly complained to Defendants about the unlawful wage practices.

40.     In response, and in retaliation for Plaintiff's protected activities, Defendants wrongfully terminated Plaintiff's employment on October 3, 2022.

**b.     Plaintiff Clifford Duviela**

41.     In or about July 2022, Plaintiff, Clifford Duviela, was hired by Defendant Meals on Wheels, to work as a food delivery person, for Defendants' not-for-profit organization which provides support and services to elderly and food insecure persons.

42.     Plaintiff does not supervise other employees, and has no role in hiring, or firing, promoting, or disciplining any staff.

43.     Plaintiff was required to work more than forty (40) hours per week, and his hourly rate of pay was sixteen dollars fifty cents ($16.50) per hour, for all hours worked.

44.     Some weeks, Plaintiff Clifford Duviela worked as many as sixty-eight (68) or more hours.

45.     Plaintiff and others similarly situated, were "docked" one (1) hour per day, even though they did not take an hour break.

46.     Throughout Plaintiff's employment by Defendants, was not paid for all hours worked, and he often worked over forty (40) hours per week but did not receive overtime compensation.

47.     During Plaintiff's employment, he was paid by check and his wage statement did not specify the number of hours he worked on a weekly basis.

48.     Work performed above forty (40) hours per week was not paid at time and one-half the Plaintiff's regular rate as required by law.

49.     Defendants knowingly and willfully operated the business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff for work performed over forty (40) hours in a workweek.

50.     Plaintiff became concerned that Defendants were not paying its employees proper wages, shaving time and not paying at time and one-half the regular rate of pay for work performed above forty hours per week.  In July 2022 and August 2022, he repeatedly complained to Defendants about the unlawful wage practices and activities.

51.    In response, and in retaliation for Plaintiff's protected activities, Defendants wrongfully terminated Plaintiff's employment on or about September 2, 2022.

### c.    Plaintiff Norberto Alex Marte

52.    In or about August 16, 2022, Plaintiff, Roberto Contreras, was hired by Defendant Meals on Wheels, to work as driver / food delivery person, for Defendants' not-for-profit organization which provides support and services to elderly and food insecure persons.

53.    Plaintiff does not supervise other employees, and has no role in hiring, or firing, promoting, or disciplining any staff.

54.    Plaintiff was required to work more than forty (40) hours per week, and his hourly rate of pay was seventeen dollars fifty cents ($17.50) per hour, for all hours worked.

55.    Plaintiff and others similarly situated, were "docked" one (1) hour per day, even though they did not take an hour break.

56.    Throughout Plaintiff's employment by Defendants, was not paid for all hours worked, and he often worked over forty (40) hours per week but did not receive overtime compensation. Plaintiff worked approximately sixty (60) hours per week.

57.    During Plaintiff's employment, he was paid by check and his wage statement did not specify the number of hours he worked on a weekly basis.

58.    Work performed above forty (40) hours per week was not paid at time and one-half the Plaintiff's regular rate as required by law.

59.    Defendants knowingly and willfully operated the business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff for work performed over forty (40) hours in a workweek.

60.     Plaintiff became concerned that Defendants were not paying its employees proper wages, shaving time and not paying at time and one-half the regular rate of pay for work performed above forty hours per week.  In November 2022, he complained to Defendants about the unlawful wage practices.

61.     In response, and in retaliation for Plaintiff's protected activities, Defendants wrongfully terminated Plaintiff's employment on November 11, 2022.

## COLLECTIVE ACTION ALLEGATIONS

62.     Plaintiffs bring this action individually and as representative on behalf of all other current and former non-exempt employees who have been or were employed by the Defendants since November 2019 to the entry of judgment in this case (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage for some hours worked, and less than the statutory rate of time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

63.     The Collective Action Members are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least dozens of Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

64.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of

employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

65.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

66.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

67.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

a.     Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

b.     Whether the Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiffs and the Collective Action Members;

    c.      What proof of hours worked is sufficient where the employer fails in its duty to maintain wage and hour records;

    d.      Whether the Defendants failed to pay Plaintiff and the Collective Action Members statutory minimum wages for some hours worked, in violation of the FLSA and the regulations promulgated thereunder;

    e.      Whether the Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    f.      Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

    g.      Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements, and attorneys' fees.

68.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

69.    Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

**CLASS ACTION ALLEGATIONS**

70.    Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

71.    Plaintiffs bring their New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since November 2016 (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid

for hours worked and/or overtime compensation in violation of the New York Labor Law (the "Class").

72.     The persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Class consists of all drivers and food delivery persons who have not previously brought independent claims and, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

73.     The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

74.     Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

75.     Plaintiffs have committed themselves to pursuing this action and has retained counsel experienced in employment law and class action litigation.

76.     Plaintiffs will fairly and adequately protect the interests of the NY Class members. Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the Class members to represent their interests fairly and adequately, and that they must consider the interests of the Class members just as they would represent and consider

their own interests, and that they may not favor their own interests over those of the Class members.

77.    Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiffs understand that in order to provide adequate representation, they must remain informed of litigation developments and further understand that they may be called upon to testify in depositions and at trial.

78.    Plaintiffs have the same interests in this matter as all other members of the Class and Plaintiffs' claims are typical of the Class.

79.    There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a.    Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York Labor Law;

    b.    Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiffs and the Class members;

    c.    What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d.    Whether Defendants failed to pay Plaintiffs and the Class members statutory minimum wages, in violation of the New York Labor Law and the regulations promulgated thereunder;

    e.    Whether Defendants failed to pay the Plaintiffs and the Class members statutory overtime compensation for all hours worked in excess of forty

(40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

f.      Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

80.      Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "79" of this Complaint as if fully set forth herein.

81.      At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

82.      At all relevant times, the Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

83.      Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

84.      Plaintiffs were entitled to be paid hourly at their regular rate of pay, for all hours worked; and at the rate of time and one-half their regular rate of pay, for hours worked in excess of the maximum hours provided for in the FLSA.

85.      At all relevant times, the Defendants had a policy and practice of refusing to pay for all hours worked, and overtime compensation at time and one-half Plaintiffs' regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

86.     Defendants failed to pay Plaintiffs and the Collective Action Members, overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

87.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs the Collective Action Members, for all hours worked, and lawful overtime wages for hours worked in excess of forty (40) per week, when they knew or should have known such was due and that non-payment of such would financially injure Plaintiffs.

88.     Records concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

89.     As a direct and proximate result of the Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

90.     Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages, and prejudgment interest thereon.

91.     Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

92.     Defendant, Carla D. Brown, is an individual who, upon information and belief, manages Central Harlem Meals on Wheels, and controls significant business decisions at Central

Harlem Meals on Wheels, including but not limited to, the decisions of what compensation the employees will receive and the number of hours the employees, including Plaintiffs, will work.

## COUNT II
### [Violation of the New York Labor Law]

93.     Plaintiff re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "92" of this Complaint as if fully set forth herein.

94.     At all relevant times, Plaintiffs, the Collective Action Members, and the Class, were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

95.     Defendants knowingly and willfully violated Plaintiffs', the Collective Action Members', and the Class' rights by failing to pay for all hours worked, and overtime compensation at rates of not less than one and one-half times their regular rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

96.     Defendants did not provide Plaintiffs with a document or written statement accurately accounting for their actual hours worked, on a weekly basis.

97.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete payroll records.

98.     Due to the Defendants' New York Labor Law violations, Plaintiffs and the Collective Action Members, and the Class are entitled to recover from Defendants unpaid overtime wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al*. and § 198.  Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III

### [Violation of New York Labor Law – Failure to Pay Timely Wages]

99.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "98" of this Complaint as if fully set forth herein.

100.    The timely payment of wages provision of New York Labor Law § 191 and its supporting regulations apply to Defendants and protect Plaintiffs from untimely payment of wages.

101.    Defendants are each an employer within the meaning of New York Labor Law §§ 190 and 651.  Defendants routinely failed to pay Plaintiffs timely wages.

102.    Further, Plaintiffs are "manual workers" within the meaning of New York Labor Law § 190(4).

103.    As manual workers, Defendants were required to pay plaintiffs "not later than seven days after the end of the week in which the wages are earned" as required by New York Labor Law § 191(1)(a)(i).

104.    With Defendants paying Plaintiffs every fourteen (14) days, Defendants did not pay Plaintiffs for the first seven (7) days they worked during each pay period within seven (7) days after the end of the week in which the wages were earned.  Plaintiffs did not agree to be paid every fourteen (14) days.

105.    Defendants failed to pay Plaintiffs and the Class on a timely basis as required by New York Labor Law § 191(1)(a).

106.    Due to Defendants' violations of the New York Labor Law, Plaintiff and the Class are entitled to recover from Defendants the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, pre-judgment and post-judgment interest as provided for by New York Labor Law § 198.

18

## COUNT IV
### [Retaliation Under the Fair Labor Standards Act]

107.    Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "106" of Complaint as if fully set forth herein.

108.    Defendants retaliated against Plaintiffs by terminating their employment soon after they complained about non-payment of wages, overtime compensation and unlawful activities.

109.    The unlawful conduct resulted in loss of income to Plaintiffs.

110.    Defendants' actions constitute unlawful retaliation, and if countenanced, such actions would have a chilling effect on the assertion by employees of their federal rights under the FLSA.

111.    Defendants' actions constitute a violation of Section 15(a)(3) of the FLSA. 29 U.S.C. § 215(a)(3).

112.    Plaintiffs suffered economic damages as a result of Defendants' retaliatory and unlawful conduct.

113.    Due to Defendants' retaliation under the FLSA, Plaintiffs are entitled to recover from Defendants compensatory damages and punitive damages for Defendants' willful disregard for Plaintiffs' rights. Further, Plaintiffs are entitled to attorneys' fees, costs, interest, and such further relief as the court deems appropriate.

## COUNT V
### [Retaliation Under New York Labor Law]

114.    Plaintiffs re-allege and re-avers each and every allegation and statement contained in paragraphs "1" through "113" of this Complaint as if fully set forth herein.

19

115.    Defendants retaliated against Plaintiffs by terminating their employment soon after they complained about non-payment of proper wages, overtime compensation and unlawful activities.   As such, Plaintiffs suffered an adverse employment action as a result of their protected, reasonable and good faith complaints to Defendants regarding violations of the New York Labor Law.

116.    As a result, Defendants' actions constitute retaliatory actions that would have a chilling effect on the assertion by employees of their rights under the New York Labor Law.

117.    Plaintiffs suffered economic damages as a result of Defendants' retaliatory and unlawful conduct.

118.    Due to Defendants' unlawful retaliation under the New York Labor Law, Plaintiffs are entitled to recover from Defendants compensatory damages, back pay, front pay, liquidated damages and punitive damages for Defendants' willful disregard for Plaintiffs' rights. Further, Plaintiffs are entitled to attorneys' fees, costs, interest, and such further relief as the Court deems appropriate.

## COUNT VI
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

119.    Plaintiffs re-allege and re-avers each and every allegation and statement contained in paragraphs "1" through "118" of this Complaint as if fully set forth herein.

120.    The New York State Wage Theft Prevention Act requires every employer, including Defendants, to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day. Defendants were also required to provide Plaintiffs with accurate statement of wages with every payment of wages as required by New York Labor Law § 195(3).

121.    Plaintiffs were not provided with a proper wage notice or accurate wage statements as required by law.

Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## **PRAYER FOR RELEIF**

WHEREFORE, Plaintiffs, on behalf of themselves and others similarly situated, respectfully request that this Court grant the following relief:

(a)     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b)     Conditionally certify the FLSA Collective and authorize notice of this lawsuit to be sent to all putative Collective Action Members

(c)     An award of unpaid wages and overtime compensation due under the FLSA and New York Labor Law;

(d)     An award of liquidated damages as a result of Defendants' failure to pay wages, and overtime compensation pursuant to 29 U.S.C. § 216;

(e)     An award of liquidated damages as a result of Defendants' failure to pay wages, timely wages, and overtime compensation pursuant to the New York Labor Law;

(f)     An award of front pay, back pay, liquidated, compensatory and punitive damages associated with unlawful retaliatory acts of reducing the employment hours;

(g)     Statutory penalties for Defendants failure to comply with the New York Wage Theft Prevention Act;

(h)     An award of prejudgment and post-judgment interest;

(i)     An award of costs and expenses of this action with reasonable attorneys' fees; and

(j)      Such other and different relief as this Court determines to be just and proper under

the circumstances.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by

jury on all issues.

Dated:  New York, New York
          November 22, 2022

Respectfully submitted,

CILENTI & COOPER, PLLC
**Co-counsel for Plaintiff**
60 East 42nd Street – 40th Floor
New York, New York 10165
T. (212) 209-3933
F. (212) 209-7102
E-mail: pcooper@jcpclaw.com

*/s/ Peter Hans Cooper*

By:     _____
              Peter H. Cooper

VALIANT LAW
**Co-counsel for Plaintiff**
75 S. Broadway – Suite 400
White Plains, New York 10601
T. (914) 595-6702
F. (909) 677-2290
E-mail : jjj@valiantlaw.com

*/s/ Joseph Jeziorkowski*

By:     _____
              Joseph Jeziorkowski, Esq.

## CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT

By my electronic signature herein, I authorize the filing and prosecution of claims in my name and on my behalf to collect unpaid wages and overtime compensation under the Fair Labor Standards Act and the New York Labor Law.

Dated: October 20, 2022
New York City

ROBERTO CONTRERAS

## CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT

By my electronic signature herein, I authorize the filing and prosecution of claims in my name and on my behalf to collect unpaid wages and overtime compensation under the Fair Labor Standards Act and the New York Labor Law.

Dated: October 20, 2022
New York City

CLIFFORD DUVIELA

## CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT

By my electronic signature herein, I authorize the filing and prosecution of claims in my name and on my behalf to collect unpaid wages and overtime compensation under the Fair Labor Standards Act and the New York Labor Law.

Dated: October 20, 2022
New York City

DocuSigned by:

834A88AA4A95452

NORBERTO ALEX MARTE