UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERTO CONTRERAS, CLIFFORD DUVIELA, and NORBERTO ALEX MARTE, on behalf of themselves, and other similarly situated employees,<br><br>　　　　　　　　　Plaintiffs,<br><br>　-　against　-<br><br>CHARLES A WALBURG MULTI-SERVICE ORGANIZATION INC., dba CENTRAL HARLEM MEALS ON WHEELS, and CARLA D. BROWN, individually,<br><br>　　　　　　　　　Defendants. | Case No.:  22 cv 9971 (SDA) |

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT**

The plaintiffs Roberto Contreras, Clifford Duviela, and Norberto Alex Marte, along with twenty-three opt-in plaintiffs (collectively, "Plaintiffs") are allegedly former or current employees of Charles A. Walburg Multi-Service Organization Inc. dba Central Harlem Meals on Wheels and its Director Carla D. Brown (collectively "Defendants"), a not for profit organization which delivers meals to homebound persons in New York City.[1] Plaintiffs and Defendants, collectively referred to as the "Parties" herein, respectfully make this request that the Court approve their settlement of the above-captioned matter. As the Plaintiffs' action and claims arise under the Fair Labor Standards Act, 29 USC § 216(b) ("FLSA"), the Parties' settlement must be approved by this Court.

>　　The Fair Labor Standards Act expressly prohibits settlement of any right to unpaid minimum wages or unpaid overtime claims by employees, made pursuant to 29 USC §§ 206-07, without the supervision of the Secretary of Labor. 29 USC §216(c) (noting that a supervised settlement agreement "shall constitute a waiver

---

[1] The claim was brought by three (3) individuals. This action was not certified as a collective or class action but there were twenty-three individuals who joined the case as party plaintiffs. There are no unrepresented/putative plaintiffs.

by such employee of any right he may have [to pursue a private cause of action under FLSA"]). Courts have allowed an additional exception to FLSA's restriction on settlement to include judicially-supervised stipulated settlements. *See Cheeks v. Freeport Pancake House*, 2015 WL 4664283 (2d Cir. August 7, 2015); *See also, Manning v. New York Univ.*, 2001 WL 963982, *12-13 (SDNY 2001)(*citing D.A. Schulte, Inc., v. Gangi*, 328 US 108, 113 n.8 (1946) and *Lynn's Food Stores, Inc. v. United States ex. Rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982).

The Parties have executed a written settlement agreement (the "Settlement Agreement"), a copy of which is annexed as Exhibit "1", and jointly ask the Court to approve the settlement and, upon payment, dismiss the case with prejudice as set forth in Exhibit "3".

## I.     PROCEDURAL HISTORY

Plaintiffs filed the Complaint on November 22, 2022, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations. [Dckt No. 1]. On January 20, 2023 Defendants filed their answer, generally denying the allegations of the Complaint. [Dckt. No. 12].

On March 23, 2023 the District Court referred the case to the district mediation program for confidential and non-binding settlement discussions. [Dckt 17].

Formal discovery was conducted in parallel, while the parties worked within the SDNY mediation program during approximately ten (10) months; mediation was unsuccessful and the referral was closed on October 2, 2023.

Discovery placed unprecedented financial stress on the employer and in May 2024 defense counsel moved to withdraw [Dckt 45]. On consent of all parties, the case was reassigned by the District Court to Your Honor on September 7, 2024 [Docket 54]. Your Honor had worked with the parties over an extended in-person session and multiple follow-up *ex parte* conversations and with the court's assistance and recommendation, the parties resolved the case

based upon terms set forth in a proposal. In light of its hands-on involvement in *ex parte* negotiations, this court is in an excellent position to review the fairness of the settlement as described herein.

## II.  FACTUAL BACKGROUND

The lawsuit alleges unpaid overtime, spread of hours premiums, improper wage practices and illegal retaliation. Plaintiffs are a group of individuals who delivered meals to elderly and homebound persons in New York City. Defendants denied all of the material allegations.

Additionally, Plaintiffs were paid bi-weekly and did not agree to be paid as such. As manual workers, they were paid 26 times per year, when they should have been paid every week. In other words, for 26 weeks out of 52 weeks in the work year, their pay was delayed. The potential damages were substantial.

Based upon counsel's review, we roughly estimate many employees typically worked an average of 10 hours per day, or 50 hours per week. Plaintiff's rate of pay was an average of $20.00 per hour, and were owed, on average about $300 per week, per employee in unpaid overtime compensation, in addition to an equal amount for liquidated damages.

Moreover, as indicated, in New York, manual workers must "be paid weekly and not later than seven calendar days after the end of the week in which the wages were earned." NYLL § 191(a)(i). The majority of Courts reviewing this have found actual damages are not necessary, and employees are still entitled to recover damages in the sum of 100% of the delayed wages, plus attorneys' fees, costs and interest the delayed wages. Based on our review of the documents in the case plaintiffs were confident that a jury would access significant damages to each of the plaintiffs, with variation determined primarily by their period of employment.

However, plaintiffs and their counsel, and the court, had legitimate concerns about the

collectability of a significant judgment against the defendants. *See*, *Lliguichuzhca v. Cinema 60, LLC*, 11 Civ. 4486, p.4 (GWG), *citing Cabrera v. Roselea Int's Services*, 2011 WL 7096634 at *4 (M.D. Fla. Dec. 30, 2011). Voluntary disclosures revealed that both defendants posed a risk of being unable to satisfy a significant judgment. The document production included hundreds of pages of payroll records for the plaintiffs as well as financials, which both sides suggested supported their respective claims and defenses. Plaintiffs' counsel estimated their best-case scenario recovery exceeded one million dollars. Settlement was desirable for the reasons best articulated by the court in our confidential caucuses. As the case has been referred to the settlement judge for review of the settlement documents, having presided over the confidential settlement negotiations and having met directly with the parties in person, the court is in an excellent position to review the fairness of the settlement. We respectfully submit that the settlement is a fair and reasonable one, as those terms are understood in the context of Fair Labor Standards Act settlements in this District, based upon counsel's experience and the extensive arms-length negotiations that took place.

### III.   THE SETTLEMENT

As noted, in their best-case scenario, plaintiffs' total damages exceeded $1,000,000.00 This included unpaid wages and overtime compensation, spread-of-hours premiums, liquidated damages at 100% of their damages, statutory penalties, prejudgment interest, and attorneys' fees. Of course, defendants had defenses, and the eventual outcome of the case entailed risk to all parties. And this is an organization struggling to survive as documented in confidential communications. The case proceeded on parallel tracks: discovery in the District Court and settlement first facilitated by the SDNY mediation program, and later supervised by the Magistrate Judge. Throughout all proceedings, all parties participated in good faith and with experienced counsel.

The parties represent to the court that the settlement is a fair and reasonable resolution of bona fide disputes, reached as a result of contested litigation from pleadings and substantial discovery including the exchange of several hundred pages of documents by the parties, court-facilitated mediation, and ultimately resolution of a difficult case. The amount of the settlement is seventy-five thousand dollars ($75,000.00), payable in one installment prior to filing the dismissal of the action. Of the total settlement amount, the distribution to the plaintiffs will be $50,000 in proportion to the size of their claims as reflected in a chart attached to the settlement agreement itself. One-third, or $25,000 will be equally distributed to co-counsel Valiant Law and Cilenti and Cooper, who represented the plaintiffs, for fees. Costs will be waived.

Exhibit "2" to this application are plaintiffs' counsel's billing records. Notably, the settlement provides protection to the plaintiffs in case of non-payment and the court agreed to retain jurisdiction to enforce the parties' settlement.

All parties recognized that there were valid factual disputes concerning the hours worked by the plaintiffs and the sufficiency of the wages they were paid. On the other hand, some documents demonstrated at least part of the claims to be indicated. Counsel on both sides have experience in this area of practice and worked with their respective clients to reach a fair and efficient resolution. Indeed, the parties respectfully submit that the settlement clearly "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc.*, 2008 WL 724155 at *1 (E.D.N.Y. 2008) (*quoting Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). Here, the settlement was reached as a result of repeated arm's length negotiations over an extended period, between counsel who are well versed in the prosecution and defense of wage and hour collective actions, and after countless meetings and phone calls

between counsel and with court-ordered mediation and court-facilitated settlement conferences. Courts typically regard the adversarial nature of a litigated FLSA case resolved via mediation to be a good indicator of the fairness of the settlement. *See*, *Aponte v. Comprehensive Health Management, Inc.*, 2013 WL 1364147 at *4 (S.D.N.Y. 2013). Just as Magistrate Judge Gabriel W. Gorenstein found in *Lliguichuzha*, "[g]iven that plaintiffs would have faced substantial barriers to collecting any judgment and that the proposed settlement is the result of arm's length bargaining between represented counsel during contested litigation…", the court should find it fair and reasonable under the circumstances of this case.

## IV.     ATTORNEYS' FEES

Both the FLSA and the Labor Law provide for awards of attorneys' fees and costs to plaintiffs who prevail on their claims under those statutes. *See* 29 U.S.C. § 216(b) ("The court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.") (emphasis added); N.Y. Lab. Law 198(1-a), 663(1). The FLSA and state wage and hour laws provide for fee-shifting to ensure that workers are not disadvantaged when they use the courts to recover unpaid wages guaranteed by statute. The fee-shifting provisions are intended to help overcome these hurdles and encourage competent counsel to take on representations and skillfully represent their clients. In this case plaintiffs' counsel requests one-third pursuant to its retainer with the plaintiffs. Recognizing the "significant risks" undertaken by attorneys who work on contingency, the New York State Court of Appeals has upheld such agreements of one-third or higher. *In Re: Lawrence*, 2014 WL 5430622 (NY October 28, 2014). In this case, the fee requested is one-third, which is far less than what the firm would have billed hourly in its representation of these individual plaintiffs. The firm's billing records are annexed hereto as Exhibit "2".

## V.     CONCLUSION

Wherefore, the Parties jointly and respectfully request that this Court approve the Settlement Agreement of the Parties in the amount of $75,000, and require counsel to dismiss the instant action between the parties with prejudice, promptly upon payment which is due the later of November 1 or fifteen (15) days after approval. The Agreement significantly decreases the risk of collection by permitting a reasonable settlement without the parties having to incur the expense, tremendous delay, and risk of trial. The parties seek fees in the amount of one-third of the settlement to be paid from the settlement. The fee is less than plaintiffs' counsel would have billed on an hourly basis.

WHEREFORE, the Parties jointly and respectfully request that this Court approve the Settlement Agreement of the Parties, and order the parties to file the dismissal with prejudice or a status report, within thirty (30) days.

Dated: October 7, 2024

Respectfully submitted,

For Defendants:

*/s/ Bryan R. Williams*
Bryan R. Williams, Esq.
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
**Counsel for Defendants**
233 Broadway, Suite 2020
New York, NY 10279

For Plaintiffs:

*/s/ Peter Hans Cooper*
Peter Hans Cooper, Esq.
CLIENTI & COOPER PLLC
**Co-counsel for Plaintiffs**
60 East 42nd Street – 40th Fl
New York, NY 10165

*/s/ Joseph Jeziorkowski*
Joseph Jeziorkowski, Esq.
VALIANT LAW
**Co-counsel for Plaintiffs**
75 S. Broadway – Suite 400
White Plains, New York 10601