USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/8/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Roberto Contreras et al.,

                Plaintiffs,

-against-

Charles A Walburg Multi-Service Organization Inc. d/b/a Central Harlem Meals On Wheels and Carla A. Brown,

                Defendants.

1:22-cv-09971 (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

      This case contains one or more claims arising under the Fair Labor Standards Act. Following a settlement conference with the undersigned, the parties reached a settlement in principle. The parties thereafter consented to have all proceedings held before me. (Consent, ECF No. 54.) On September 6, 2024, the Court entered an Order directing the parties to provide a copy of the settlement agreement to the Court together with a letter explaining why the settlement, including any provision for attorneys' fees and costs, is fair, reasonable and adequate under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). (*See* 9/6/24 Order, ECF No. 55.)

      On October 7, 2024, the parties filed a joint motion for settlement approval, along with the proposed settlement agreement and related papers. (Joint Motion, ECF No. 56.) Having reviewed the proposed settlement, the Court finds that it is fair and reasonable, given both the nature and scope of Plaintiffs' claims as well as the risks and expenses involved in additional litigation. *See Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012).

As part of the settlement, Plaintiffs seek approval $25,000 in attorneys' fees, which is one-third of the settlement amount. (*See* Joint Motion at 6.) Plaintiffs are not seeking costs. (*See id*.) In support of their motion, Plaintiffs submitted billing records indicating that the lodestar, if they had billed hourly, would have been $49,520.00. (Billing Records, ECF No. 56-2.) "The fairness review required by *Cheeks* 'extends to the reasonableness of attorneys' fees and costs.'" *Almanzar v. Silver Star Properties Corp.*, No. 23-CV-00819 (GWG), 2023 WL 6979460, at *2 (S.D.N.Y. Oct. 24, 2023) (quoting *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020)).

"Courts in this Circuit have routinely found an award representing one-third of the settlement amount to be reasonable." *Naraine v. Washdry Tech Inc.*, No. 23-CV-07162 (NCM) (JAM), 2024 WL 4242284, at *7 (E.D.N.Y. Sept. 19, 2024). Moreover, even with requested rates of $450 per hour near the high end of what courts in this District typically approve, *see, e.g., Silva v. Legend Upper W. LLC*, 590 F. Supp. 3d 657, 664 (S.D.N.Y. 2022) ("Courts in this district have determined that fees ranging from $250 to $450 is appropriate for experienced litigators in wage and hour cases."), *adopted by*, 2022 WL 4377896 (S.D.N.Y. Sept. 22, 2022), the total requested fees are approximately half of the lodestar amount, "making the requested fees presumptively reasonable." *Pollard v. City of New York*, No. 23-CV-10722 (DEH), 2024 WL 4150740, at *2 (S.D.N.Y. Aug. 13, 2024) (citing *Santos v. YMY Mgmt. Corp.*, No. 20 Civ. 1992, 2021 WL 431451, at *2 (S.D.N.Y. Feb. 8, 2021) (approving fee request as reasonable where the lodestar amount exceeded the requested fees)). Accordingly, the Court finds that the requested attorneys' fees are reasonable and approves the fees.

For the foregoing reasons, the Joint Motion for settlement approval (ECF No. 56) is GRANTED. No later than November 7, 2024, the parties shall either file a stipulation of dismissal or a joint status letter.

**SO ORDERED.**

Dated:   New York, New York
         October 8, 2024

_____
STEWART D. AARON
United States Magistrate Judge